judgment of the court that the plaintiff recover from the defendant the sum of $537 and costs of this action. The same entry may be made in the cases of the other two commissioners.

## FAILURE OF SERVICE BECAUSE DEFENDANT WAS LIVING UNDER AN ASSUMED NAME.

Common Pleas Court of Franklin County.

GUY W. PECK v. TISNELDA H. PECK.

Decided, March, 1914.

*Judgments—Modification Asked in Divorce Proceeding where Service Was Had by Publication—Failure of Notice Held Due to Fault of the Defendant—Motion to Reopen the Decree Denied—Section 11632.*

A decree of divorce will not be reopened for the purpose of awarding alimony to the defendant wife, on the ground that there was no service except by publication and she had no knowledge of the pendency of the suit until after the decree had been entered, where it appears that her failure to receive notice and a copy of the petition through the mail was that she was living under an assumed name and was not known under her right name at her place of residence to which the petition and notice were correctly addressed.

*James A. Allen,* for plaintiff.
*Arnold & Game,* contra.

EVANS, J.

This is a motion submitted on behalf of the defendant to open up a judgment rendered against defendant in this court on March 4, 1910, and to let defendant in to answer, for the reason, as alleged, that said judgment was rendered without other service than by publication in a newspaper, and that during the pendency of the action the defendant had no actual notice thereof in time to appear and make her defense.

The motion is predicated on Section 11632, General Code, which provides that:

"A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, within five years after the date of the judgment or order, may have it opened and let in to defend.

"Before the judgment or order can be opened, the applicant shall give notice to the adverse party of his intention to make application, file a full answer to the petition, pay all costs, if the court requires them to be paid, and make it appear, to the satisfaction of the court, that during the pendency of the action he had no actual notice thereof in time to appear and make his defense."

The answer and affidavits on behalf of the parties are filed and submitted, and also the original papers in the case.

The applicant is not seeking to open up the decree for divorce which was granted to plaintiff at the date above stated, but is seeking to set aside the judgment pertaining to alimony, and to open up said judgment in order that she may apply for alimony.

Inasmuch as the parties and counsel are familiar with all the facts and evidence presented it is not necessary to recite in detail the facts of the case. I have examined and weighed all the evidence presented; also the authorities, with a great deal of interest. The question presented is one that rarely arises in our practice and procedure, and while there are some cases in this state under the statute above quoted, yet I find none presenting the question under the facts and circumstances we have here.

*Bay* v. *Bay et al*, 85 O. S., 417, is a case that comes more nearly in point than any other case cited, yet it differs in some material respects.

*Bay* v. *Bay* (*supra*) was a proceeding under the same statutes that concerns us in this case.

In 1895 Bay filed his action against defendant, Anna C. Bay, in this state, for divorce on the ground of wilful absence, praying for divorce and other relief. Plaintiff filed an affidavit for publication of notice, alleging therein that the residence and post-office of said defendant is Walkerville, Oceana county, Michigan, and for that reason service of summons and a copy of the petition can not be made in this state. There was no service except by publication.

The case was heard, the court granted the divorce, and further ordered, "that by reason of the acts of aggression of the defendant, Anna C. Bay, etc., that she is, excluded and forever barred from claiming or holding any estate or interest, either vested, inchoate, dower, or inheritance, or otherwise, in the real estate or personal property of plaintiff." Bay died November 5, 1910, and on December 24, 1910, defendant, Anna Bay, made application to set aside the decree and judgment, and for leave to answer. In her answer, among other things, she alleges that she had no notice or knowledge of the pendency of said petition for divorce until after the death of said Bay, and on December 24, 1910, the defendant filed her application to set aside the decree and judgment.

It is important to note that in the Bay case the records show that the only service on defendant was a constructive notice by publication; that the affidavit for publication, sworn to by plaintiff, gives the place of residence and post-office address, and gives it correctly; that plaintiff did not do what his duty required, that is, to deposit forthwith in the post-office, directed to defendant, a summons and copy of the petition.

This being the case, she, on her allegation that she had neither notice or knowledge of the pendency of the petition until after plaintiff's death, the court held that she has a right to be heard upon all questions arising upon this alleged fraudulent judgment as to her rights in the property of plaintiff.

In other words, the court based its holding on the fraudulent acts of the plaintiff in obtaining said decree and judgment, and the court states the law of the case in the syllabus, as follows:

"Where a husband, by fraud and false testimony, obtains a decree of divorce for the wife's aggression, and the decree also, by reason of the wife's aggression, so found, bars her of alimony, dower and all other interest in the husband's property, the decree dissolving the marriage relation is conclusive; but when the court making such decree did not have jurisdiction of the wife's person, she may thereafter have said decree and the issues opened up so far as they relate to her interests in the husband's property and be let in to defend."

In the case at bar, plaintiff, Peck, made an affidavit that service can not be made within this state on defendant; that she is a

resident of the city of Washington, District of Columbia, and resides at Number 1223 Twelfth street, N. W., Washington, D. C.; that on this affidavit, the court ordered service to be made by publication, as provided by law in such cases, and that forthwith on the filing of the petition a copy of the petition be mailed to the defendant at her place of residence. On December 3, 1909, a precipe was filed by plaintiff with the clerk of this court, directing said clerk to issue summons with a copy of petition and to mail same to defendant at 1223 Twelfth street, N. W., Washington, D. C.

The affidavit of the deputy clerk avers that on December 3, 1909, as such deputy, he mailed a summons and copy of the petition in said case to the defendant, Tisnelda Hildegard Peck, at No. 1223 Twelfth street, N. W., Washington, D. C.; that thereafter, on or about December 18, 1909, said summons and copy of petition which were mailed to defendant were returned to the clerk of the court here by the post-office department as unclaimed.

The envelope containing the summons and the copy of petition so mailed, and addressed above, is attached to said affidavit. A return of proof of publication is made on January 23, 1910.

Section 11984, General Code, provides:

"If the defendant is not a resident of this state or his residence is unknown, notice of the pendency of the action must be given by publication as in other cases. Unless it be made to appear to the court, by affidavit or otherwise, that his residence is unknown to plaintiff, and could not with reasonable diligence be ascertained, a summons and copy of the petition, forthwith on the filing of it, should be desposited in the post-office, directed to the defendant at his place of residence."

The returned envelope, referred to in said affidavit, shows the postmark of Washington, D. C., that it was unclaimed, and was returned to writer, and endorsed on back "Not at 1223-12."

Defendant admits that at time said summons was returned she lived at No. 1223 Twelfth street, N. W., Washington, D. C., but was living there under the name of Hildegard T. Ruh, her maiden name. She was employed in one of the departments of the government at Washington. The reason assigned by her counsel for not going under her married name is "that it is

common knowledge that the government will not employ or retain in its employ any married women."

Defendant claims that plaintiff knew that she was living under another name. This plaintiff denies, and says that shortly before he began his action for divorce he went to Washington to see her, in order to get her as he says, to join him in executing a mortgage, and also to ascertain whether or not she would live with him. He says he went to No. 1223 12th street, N. W., an apartment house were she lived, and that he was admitted into the apartment house by defendant herself, who answered the ring of the bell, and that he had no occasion to inquire for defendant; that he did not then know, nor thereafter learn, by what name defendant was known to other persons residing in said house.

Defendant denies this, and claims that plaintiff came to her room door and was there admitted by her; that at the front entrance her name, Hildegard Ruh, was on the board and also the same name on the door of her room. Defendant says in her affidavit that under date of November 5, 1909, plaintiff wrote her from Columbus that he was leaving for New York, and would call on her at Washington about seven o'clock that evening.

On account of the fact that so much of material facts in the affidavits of these two parties are conflicting, facts averred by the one being denied by the other, it is difficult to get at the truth concerning a great many material matters.

It is clear, however, that defendant was not going under her real name at Washington, and while she claims that plaintiff knew that fact, which he denies, it appears that her reason for so doing is that the Government would not employ, or retain in its employment, married women.

It also appears that defendant did not go under her real name in her private life, or have her real name enrolled at the post-office so that she could get mail addressed in her real name. It also appears that at the time said summons and copy of the petition reached Washington, which was mailed to the correct number and street where she then lived, that she was living at said number and street, and that no person could there be found of the real name of defendant.

I am of the opinion that even though plaintiff may have known she was going under another name for said purpose in the Government department, and may have addressed letters to her there in that name, which he denies, yet that would not. excuse her for concealing her real name in private life, or at the post-office. Nor does it appear that plaintiff knew she was so doing. And he claims that defendant told him at the time he visited her in November, 1909, shortly before the petition was filed, that mail addressed to her in her real name would be received by her.

I am not convinced that it was any fault either of plaintiff, or of the post-office officials at Washington, that defendant did not receive the summons and copy of the petition so mailed. And I am not able to find that plaintiff was guilty of any fraud in said divorce proceedings, or in his acts or conduct in endeavoring to obtain service on defendant.

The court in *Bay* v. *Bay* predicated its decision giving defendant leave to open up said judgment and to answer upon fraud perpetrated by plaintiff in that case. For the facts there shown that plaintiff did perpetrate a fraud and violated an express provision of statute, by not mailing, or having the clerk mail, to defendant, a summons and copy of the petition, although he swore in his affidavit where the place of residence of defendant was. This was fraud on his part because it showed intent on his part to conceal from her the pendency of said action.

But that is not the case here, for the evidence shows that plaintiff in this case complied with the requirements of the statute in all respects therein provided in regard to service.

If defendant had shown that she did not receive a summons and copy of the petition, so mailed, by reason of the fault either of plaintiff or of the post-office officials, then her want of knowledge or notice of the pendency of said action would afford good grounds to open up the judgment, and let her in to answer.

*Nelson on Divorce and Separation*, Section 822, says:

"Where it is shown that a copy of the summons was mailed to defendant, properly addressed, the defendant may show that she has received her mail at such address with uniform regularity for several years, and that no copy of the summons in the

case ever reached her, and such proof will create the presumption that the postage on the letter containing the summons was not paid and that the letter was not mailed."

But defendant has made no such showing here. On the other hand, the proof shows that she put it beyond the power of the post-office officials to deliver mail to her, addressed in her real name, by going under a name other than her real name.

I am of the opinion that the defendant has not made a showing here such as will entitle her to have this judgment opened up to let her in to answer. She is seeking to come into a court of equity to have a decree and judgment of the court opened up, and let in to answer, where the proof shows no fraud on the part of plaintiff in the proceedings, but, on the other hand, does show, that by her own fault in concealing her real name, and using another name, without right so to do on her part, and so doing for the purpose of misleading the Government, and evading a rule of the department of Government, is the cause of her not receiving said mail. She has not shown sufficient grounds, and besides is not in a position in this case to be afforded the equitable relief asked.

The motion is overruled. Exceptions.